FILED
2026 Sep-18 PM 12:03
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ALABAMA**
**NORTHEASTERN DIVISION**

| | | |
|---|---|---|
| **SMYRNA READY MIX CONCRETE, LLC,**<br><br>Plaintiff,<br><br>v.<br><br>**FAIRBANKS SCALES INC.,**<br><br>Defendant. | ) | Case No.<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Smyrna Ready Mix Concrete, LLC ("SRM"), by and through its undersigned attorneys, for its Complaint against Defendant Fairbanks Scales Inc. ("Fairbanks"), alleges as follows:

## PRELIMINARY STATEMENT

1. This is a civil action for breach of contract and breach of express and implied warranties arising from Fairbanks' failure to properly inspect, calibrate, maintain, and repair a cement scale at SRM's concrete plant in Madison, Alabama, and from Fairbanks' repeated representations that the scale was functioning properly when it was not. As a result, SRM produced and delivered defective, out-of-specification concrete and incurred substantial costs to tear out and replace that concrete on several projects.

2. SRM seeks compensatory damages in an amount to be determined at trial, but no less than $1,004,012.44, together with prejudgment and post-judgment interest, costs, and such other relief as the Court deems just and proper.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. SRM is a citizen of Tennessee, and Fairbanks is a citizen of Kansas and Missouri.

4. Venue is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to SRM's claims occurred in this district. In particular, at Plant 511, located at 250 Palmer Road, Madison, Alabama, Fairbanks inspected, calibrated, serviced, and repaired the cement scale in issue. Venue is also proper under 28 U.S.C. § 1391(b)(1) and (c)(2) because Fairbanks is subject to this Court's personal jurisdiction with respect to this action and is therefore deemed to reside in this district.

## PARTIES

5. Founded in 1999, SRM is the largest ready-mix concrete supplier in the country with 8,500 team members across 24 states. SRM operates the ready-mix concrete facility in issue in this action, which it refers to as Plant 511. SRM is a Tennessee limited liability company with its principal place of business in Murfreesboro, Tennessee. SRM's sole member is a Tennessee limited liability company with its principal place of business in Murfreesboro, Tennessee. The sole member of that limited liability company is an individual citizen of Tennessee.

6. Fairbanks has been operating in the industrial scale business since 1830 and it has a nation-wide network of trained technicians dedicated to servicing and calibrating scales. Fairbanks is a Kansas corporation with its principal place of business in Kansas City, Missouri. Fairbanks is authorized to conduct business in Alabama and regularly conducts business in Alabama, including the sale, servicing, and calibration of industrial scales. Fairbanks may be

served through its registered agent, Corporation Service Company Inc., at 641 South Lawrence Street, Montgomery, Alabama 36104.

## BACKGROUND FACTS

7. In the ready-mix concrete business, the accurate weighing of cement and related materials by the plant's cement scales is essential to producing concrete that meets specified strength requirements. Even small errors can result in safety problems for the projects that incorporate improperly weighed concrete batches.

8. SRM and Fairbanks entered into a service agreement (the "Service Agreement") under which Fairbanks agreed, for a fixed price, to provide full-service inspection, calibration, maintenance, and repair of SRM's weighing equipment at Plant 511.

9. On its website, Fairbanks acknowledges that its service program is "a full-service program that covers all your repairs at a fixed price, so you don't have to worry about unexpected maintenance expenses."

10. Fairbanks held itself out as possessing specialized skills and expertise in the inspection, calibration, maintenance, and repair of industrial weighing equipment. SRM relied on Fairbanks' skill and judgment to keep its weighing equipment at Plant 511 accurate and in proper working order.

11. On March 14, 2023, Fairbanks' field service technician, Jeremiah Gilliland, inspected and calibrated the cement scale in issue in this action, an Astec model 5688. Gilliland noted that load cell no. 3 in the scale was upside down, and he apparently repaired the load cell, recalibrated the scale with certified test weights, and certified the scale as within tolerance. A true and correct copy of Fairbanks' Hopper Scale Test Record for this service is attached as Exhibit A.

12. In the ensuing weeks, the SRM team at Plant 511 noticed recurring inaccuracies from the Astec scale that caused discrepancies between SRM's inventory records and the actual contents of its silos, resulting in repeated plant shutdowns and service requests to Fairbanks.

13. On May 10, 2023, the cement ran out at Plant 511 midday even though inventory showed approximately 23 tons remaining, and SRM's fly ash was likewise lower than it should have been. SRM shut the plant down and contacted Fairbanks. Gilliland arrived that evening, took measurements from the scale, and represented that there were no concerns for continued operation based on the scale's measurements. Fairbanks certified the cement scale as within tolerance and "working properly." A true and correct copy of Fairbanks' Hopper Scale Test Record for this service is attached as Exhibit B. In reliance on Fairbanks' representations, SRM resumed operations.

14. On May 15, 2023, SRM ran out of fly ash even though inventory showed approximately 35 tons remaining. SRM again contacted Fairbanks. Gilliland hung weights on the scale, made an adjustment, advised SRM's personnel to watch for build-up around the load boots, and again represented that the scale was fine. In reliance on Fairbanks' representations, SRM resumed operations.

15. On May 25, 2023, the scale's weight reading appeared off to the Plant 511 personnel. SRM again contacted Fairbanks. Gilliland placed hand weights at each load cell, made an adjustment in the computer, and represented that the scale was good. In reliance on Fairbanks' representations, SRM again resumed operations.

16. On June 2, 2023, while cement trucks were unloading, the cement scale could not hold the last load. SRM checked the fly ash and silo and found approximately 20 tons less than there should have been. SRM shut the plant down and notified Gilliland that the cement scale was

still not right. Gilliland hung weights on the scale, made an adjustment, and again represented that everything was good. Fairbanks again certified the cement scale. A true and correct copy of Fairbanks' Hopper Scale Test Record for this service is attached as Exhibit C. In reliance on Fairbanks' representations, SRM again resumed operations.

17. Despite Fairbanks' repeated assurances and written certifications, the cement scale remained inaccurate.

18. On June 20, 2023, after Fairbanks had serviced the scale four times in approximately one month without resolving the problem, SRM retained an independent inspection company, Birmingham Toledo. Birmingham Toledo performed an inspection and buildup scale check, found that one of the load cells in the cement hopper was binding and that there was moisture in the summing board, measured errors of approximately plus or minus 600 pounds at 2,000-pound increments, was unable to calibrate the scale because of the load cell inaccuracies, and determined that the load cells needed to be replaced. A true and correct copy of Birmingham Toledo's findings and remedy letter is attached as Exhibit D.

19. On July 6, 2023, Birmingham Toledo replaced the load cells and correctly calibrated the scale, confirming that Fairbanks' earlier calibrations had not been performed as Fairbanks had represented. The problems with the scale at Plant 511 immediately ceased after Birmingham Toledo's work on the scale.

20. Because the cement scale under-weighed materials, concrete produced at Plant 511 during the relevant period was out of specification and failed strength testing, as reflected in low cylinder and core results at multiple job sites. Approximately 1,631 cubic yards of affected concrete were produced and delivered.

21. As a direct and proximate result of the inaccurate cement scale, SRM incurred substantial costs to tear out and replace defective concrete at four project sites in and around Madison, Alabama: The Manor, The Gabriel, Stone Building LIV, and Fulmer.

22. On September 21, 2023, SRM's chief executive officer contacted Fairbanks regarding the costs and damages caused by Fairbanks' improper service and calibration of the scale at Plant 511. On October 5, 2023, SRM notified Fairbanks in writing of Fairbanks' breach of contract and breach of express and implied warranties and demanded reimbursement of all related expenses. On May 30, 2024, SRM's counsel sent Fairbanks a demand letter itemizing SRM's damages, which total no less than $1,004,012.44. A true and correct copy of the May 30, 2024 demand letter is attached as Exhibit E.

23. SRM's damages are itemized as follows: The Manor — $256,115.15; The Gabriel — $414,795.49; Stone Building LIV — $301,291.80; and Fulmer — $31,810.00, totaling $1,004,012.44.

24. Despite repeated attempts at resolving the matter over the past three years, to date, Fairbanks has refused to make SRM whole. SRM was left with no choice but to bring this action for damages.

**COUNT ONE**
**<u>Breach of Contract</u>**

25. SRM repeats and realleges paragraphs 1 through 24 as if fully set forth herein.

26. The Service Agreement is a valid and enforceable contract under which Fairbanks agreed, for a fixed price, to inspect, calibrate, maintain, and repair SRM's weighing equipment, including the Astec scale at Plant 511, and to provide prompt response and timely repair.

27. SRM performed all of its obligations under the Service Agreement, except those obligations, if any, that were excused or prevented by Fairbanks' conduct.

28. Fairbanks materially breached the Service Agreement by, among other things, failing to properly inspect, calibrate, maintain, and repair the cement scale; failing to perform calibrations as represented; and repeatedly representing that the cement scale was functioning properly when it was not.

29. As a direct and proximate result of Fairbanks' material breaches of the Service Agreement, SRM has suffered damages in an amount to be determined at trial, but no less than $1,004,012.44, plus interest and costs.

## COUNT TWO
## Breach of Express Warranty

30. SRM repeats and realleges paragraphs 1 through 29 as if fully set forth herein.

31. Through the express terms of its service program and through Gilliland's repeated oral statements and written Hopper Scale Test Records certifying that the cement scale was within tolerance and "working properly," Fairbanks made affirmations of fact and promises relating to the equipment and services that became part of the basis of the bargain and created express warranties that the cement scale would conform to those affirmations and promises.

32. Fairbanks breached its express warranties because the cement scale did not conform to Fairbanks' affirmations and promises and remained inaccurate.

33. Fairbanks failed to repair or replace the malfunctioning cement scale and its components within a reasonable time, and Fairbanks' repair efforts failed to comply with their essential purpose.

34. SRM provided Fairbanks with timely notice of the breach, including by its written notice dated October 5, 2023.

35. As a direct and proximate result of Fairbanks' breach of express warranty, SRM has suffered damages in an amount to be determined at trial, but no less than $1,004,012.44, plus interest and costs.

**PRAYER FOR RELIEF**

**WHEREFORE**, SRM respectfully requests that the Court enter judgment in its favor and against Fairbanks as follows:

A. Compensatory damages in favor of SRM and against Fairbanks in an amount to be determined at trial, but no less than $1,004,012.44;

B. Prejudgment and post-judgment interest in favor of SRM and against Fairbanks as permitted by law;

C. SRM's costs of suit and reasonable attorney's fees in favor of SRM and against Fairbanks as permitted by law; and

D. Such other and further relief as the Court deems just and proper.

**JURY DEMAND**

SRM demands a trial by jury on all issues so triable.

Respectfully submitted, this 18th day of September, 2026.

*<u>/s/ Leslie K. Eason</u>*
Leslie K. Eason
Alabama Bar No. 3405-l62w
Eric S. Fisher (*pro hac vice* application to be filed)
BARNES & THORNBURG LLP
3340 Peachtree Road, N.E., Suite 2900
Atlanta, Georgia 30326
(404) 264-4085 (Direct Dial)
(404) 264-4033 (Facsimile)
Leslie.Eason@btlaw.com
EFisher@btlaw.com

*Counsel for Plaintiff*
*Smyrna Ready Mix Concrete, LLC*